In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00211-CR

                                                ______________________________

 

 

                                       KRYSTIN STEWART,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                  ________________________________________________

 

 

                                          On Appeal from the County Court at Law #2

                                                              Hunt County, Texas

                                                        Trial Court
No. CR1000601

 

_                                 ________________________________________________

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            A jury
convicted Krystin Stewart of theft of property valued between $50.00 and
$500.00, and she was sentenced to confinement for 120 days in the Hunt County
Jail.  On appeal, Stewart complains that
the evidence was insufficient to support the trial court’s judgment.[1]  We affirm the judgment of the trial court. 

I.         Standard of Review

 

            In reviewing
the legal sufficiency of the evidence, we review all the evidence in the light
most favorable to the jury’s verdict to determine whether any rational jury
could have found the essential elements of theft in an amount between $50.00
and $500.00 beyond a reasonable doubt.  Brooks v. State, 323 S.W.3d 893, 902
n.19 (Tex. Crim. App. 2010) (4–1–4 decision) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.—Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Our rigorous legal sufficiency review focuses
on the quality of the evidence presented.  Brooks,
323 S.W.3d at 917–18 (Cochran, J., concurring).  We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the jury “to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The hypothetically correct jury charge “sets
out the law, is authorized by the indictment, does not unnecessarily increase the
State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the
defendant was tried.”  Id.  

            In this
case, Stewart committed theft if she unlawfully appropriated property with the
intent to deprive the owner of property. 
Tex. Penal Code Ann. §
30.03(a) (West 2011).  Appropriate means
“to acquire or otherwise exercise control over property other than real
property.”  Tex. Penal Code Ann. § 31.01(4)(B) (West 2011).  The appropriation was unlawful if it was
without the effective consent of the owner. 
Tex. Penal Code Ann. §
30.03(b) (West 2011).  The theft offense
was a class B misdemeanor if the value of the property exceeded $50.00, but was
less than $500.00.  Tex. Penal Code Ann. § 31.03(e)(2)(a)(i)
(West 2011). 

II.       Legally Sufficient Evidence Supported the
Trial Court’s Judgment

 

            The State alleged that the theft
occurred at Burk’s Outlet.  On the day of
trial, two witnesses from Burk’s Outlet testified.  District loss prevention manager, Daniel
Roacho, encountered Stewart and co-actor, Cristal Mariucci, on the day of the
theft.  Roacho testified;

The
first thing [Stewart] did is she came around to . . . the purse area.  And I’ve—I saw her select a black purse.  She looked at it for a while and then she
started—she put that over her shoulder. 
She also had a pink purse with her as well.  So she carried both purses as she went
throughout the store and started selecting other merchandise. . . . And she was
selecting some jewelry and then she would go into the woman’s department where
she selected some other clothing items as well.

 

Roacho initially believed that Stewart was shopping alone,
but soon it became apparent that she was with “this other lady that was acting
really nervous.”  Roacho kept his eye on
Stewart and Mariucci as they perused the store separately.  He testified, “[Stewart] handed the pink
purse over to [Mariucci] and they both walked and selected more merchandise,
more clothing items.”  Roacho continued:

At
that point, [Stewart] went into the fitting room with the merchandise that she
had selected as well as the black bag that she had with her.  [Mariucci] went—followed her in there.  As she went in—they both went in the fitting
room.  And then the Defendant came out of
that stall that they were in, and came out and went into another one with
clothing items as well as the black purse. 
At that point, she closed the door to the fitting room and the other
subject came out and just, kind of, waited around outside for her. . . . At
that point [Mariucci] walks into the fitting room with [Stewart] because she
hadn’t completely came out yet.  They
were talking.  [Mariucci] . . . had a few
clothes in her hand, handed the clothes back to the Defendant as well as the
pink purse that she was carrying for her. 
The Defendant turned around and gave [Mariucci] the black purse, which
was now packed, and they both started walking up towards the front.  

 

Roacho’s “observation was that the clothes were stuffed into
the bag” by Stewart.  Next, “[t]hey both
approached the front of the register. 
The one person with the black bag just start—does not even bother to go
to the register, starts walking out the door while [Stewart] goes up to the
register and attempts to pay for the merchandise that was never
concealed.”  Roacho followed and
confronted Mariucci as she exited the store and was about to enter a
vehicle.  He led Mariucci back to the
loss prevention office, where both she and Stewart apologized to Roacho for
stealing, turned over the stolen merchandise, and pleaded for forgiveness.  Roacho recovered the stolen items.

            Burk’s
Outlet store manager, LaSonja Balfour, was called to the loss prevention office
after Stewart and Mariucci were apprehended. 
Balfour confirmed Stewart’s admission to the theft and conducted an
inventory of items stolen.  The items
taken included the black purse, two items of jewelry, two “tops,” jeans, a
fragrance, a “bath/body” item, and a “mis[s] bottom.”  The monetary value of the items totaled
$88.24.  

            In addition
to this testimony, the jury watched the in-store security video confirming
Roacho’s recollection of the events.  The
video was clear, followed Stewart as she wandered throughout Burk’s Outlet, and
zoomed in on items she picked up and carried. 


             When viewed in a light most favorable to the
verdict, we find the evidence legally sufficient for a rational jury to
conclude that Stewart committed theft of property in an amount greater than $50.00,
but less than $500.00.  Therefore, we
overrule Stewart’s point of error.  

III.      Conclusion 

 

            We affirm the trial court’s
judgment. 

 

 

 

  

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          July
21, 2011

Date Decided:             July
28, 2011

 

Do Not Publish

 

 

 

 

 











[1]In
a separate point of error, Stewart also complained that a DVD recording of the
theft, which was admitted as evidence and played in front of the jury, had been
“destroyed or corrupted so badly that it cannot be viewed and is unavailable
for appellate review.”  Based upon
Stewart’s assertion, and due to our inability to initially play the exhibit, we
internally abated this appeal “until either (1) we have heard from counsel that
the data on the DVD has been recovered and the parties agree to the content thereon;
(2) the data on the DVD has been recovered, but the parties do not agree to the
content thereon; or (3) the data on the DVD cannot be recovered.”  Thereafter, we received a letter signed by
both parties stating that the DVD “duplicate was located in the defendant’s
co-actor’s case file.  The state and the
defense have had a chance to review this copy and can verify that this copy is
a true and accurate representation of the video that was on the damaged DVD.”  Because Stewart’s complaint has been resolved,
we overrule this point of error as moot.